310-14/JJW/WJP
FREEHILL HOGAN & MAHAR, LLP
*Attorneys for Plaintiff*
*Maersk Line, Limited*
80 Pine Street
New York, New York 10005
Telephone: (212) 425-1900
Facsimile: (212) 425-1901
John J. Walsh, Esq.
William J. Pallas, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN THE MATTER OF THE COMPLAINT OF

MAERSK LINE, LIMITED,

AS OWNERS, OWNERS *PRO HAC VICE*,
AND OPERATORS OF THE:

M/V SEA-LAND INTREPID

---

14 CV 6260

**IN ADMIRALTY**

**14 CIV.**

**COMPLAINT FOR
EXONERATION FROM OR
LIMITATION OF LIABILITY**

Plaintiff, Maersk Line, Limited, as owner and operator of the M/V SEA-LAND INTREPID, in accordance with 46 U.S.C. §§30505 and 30511, by its attorneys, FREEHILL HOGAN & MAHAR, LLP, as and for its Complaint for Exoneration from or Limitation of Liability pursuant to Rule F of the Supplemental Rules for Admiralty and Maritime Claims alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction within the meaning of 28 U.S.C. §1333(1), Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, as hereinafter more fully appears.

421134.1

2. Venue is proper in this Court because, as reflected in **Exhibit "A"**, a suit has been filed in this district against Plaintiff related to the matters herein.

3. At all relevant times mentioned herein, Plaintiff Maersk Line, Limited is and was a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in the State of Virginia and is and was the owner and operator of the M/V SEA-LAND INTREPID.

4. Plaintiff Maersk Line, Limited has been named in a suit filed in this Court docketed under 14 Civ. 5757 (Judge Keenan).

5. The M/V SEA-LAND INTREPID is a self propelled motorized container ship of steel construction, registered under the laws of the United States with IMO No. 9143025, with the following particulars: 292.15 meters in length, 32.2 meters in breadth and 49,600 BHP at 102 RPM.

6. Prior to and all times hereinafter described, Plaintiff exercised due diligence to make and maintain the M/V SEA-LAND INTREPID in all respects seaworthy, and the vessels were, in fact, tight, staunch, strong, and fully and properly manned, equipped and supplied, and in all respects fit and proper for the service in which they were engaged at the time of the incident described herein.

7. At approximately 1047 hrs. on February 10, 2014, Khaled G. Munassar, the Bosun on the M/V SEA-LAND INTREPID was reported lost overboard as the vessel was transiting from Yokohama, Japan to Long Beach, California. The M/V SEA-LAND INTREPID ultimately terminated the subject voyage upon arrival at Long Beach on or about February 18, 2014.

8. According to the Complaint filed in this Court by Zahia Saleh, individually and as personal representative of the Estate of Khaled G. Munassar, deceased, and for the benefit of all distributes of Khaled G. Munassar, deceased, and docketed as 14 Civ. 5757, a copy of which is attached hereto as Exhibit "A", it is alleged that, on February 10, 2014, Khaled G. Munassar, the Bosun on the M/V SEA-LAND INTREPID was lost overboard and drowned as a result of the negligence, recklessness and carelessness of Maersk Line, Limited and its servants, agents and/or employees and the unseaworthiness of the M/V SEA-LAND INTREPID.

9. Plaintiff denies that the loss overboard of Bosun Khaled G. Munassar was due to any negligence, recklessness and/or carelessness on the part of Plaintiff, its servants, agents and/or employees or due to the unseaworthiness of the M/V SEA-LAND INTREPID.

10. Upon information and belief, other claims may be asserted as a result of this incident.

11. The subject incident and all injury, loss, destruction, and damage resulting therefrom were caused, done, occasioned, and incurred without the privity or knowledge of Plaintiff, or of Plaintiff's agents, at or prior to the commencement of, or during, the voyage upon which the M/V SEA-LAND INTREPID was engaged at the time of the incident.

12. The total amount of the claims which have been made, or which may in the future be made, for injury, loss, damages, and other losses and damage arising out of the incident is not presently known. The Complaint filed by Zahia Saleh asserts damages for wrongful death in the amount of Fifteen Million Dollars ($15,000,000.00). Plaintiff denies any liability in connection with the loss overboard of Khaled G. Munassar, but, notwithstanding that denial, the amount of damages claimed in the Complaint filed by Zahia Saleh is grossly excessive and disproportionate to the claim fairly stated.

13. There are no demands, unsatisfied claims of liens or liens against the M/V SEA-LAND INTREPID arising out of the voyage herein described, or any actions or proceedings pending thereon, so far as is presently known to Plaintiff, except as set forth herein in Exhibit "A". M/V SEA-LAND INTREPID was not damaged, lost or abandoned.

14. This Complaint is filed within six months from the date Plaintiff received first written notice of claim from any claimant following the aforesaid incident.

15. As set forth in the Declaration of Mary Alexander-Bradley filed herewith as **Exhibit "B,"** the value of Plaintiff's interest in the M/V SEA-LAND INTREPID at the close of the voyage is estimated at a maximum of U.S. $9,000,000.00.

16. As set forth in the Declaration of Michael A. Hopkins filed herewith as **Exhibit "C"**, at the time of the subject incident, the vessel was on charter earning a per diem rate, and pending freight was in the amount of $276,720.00.

17. Plaintiff accordingly herewith deposits with the Court, as security for the benefit of all potential claimants, a Stipulation for Value in the form of a Letter of Undertaking in the sum of U.S. $9,276,720.00 (representing the total value of the M/V SEA-LAND INTREPID, appurtenances and pending freight following the casualty), plus interest at the rate of six (6%) percent per annum from the date of said Stipulation.

18. Plaintiff herewith deposits with the Court, as security for costs, pursuant to Supplemental Admiralty Rule F(1), a Stipulation for Costs in the amount of $250.00.

19. There has been no election to transfer the Plaintiff's interest in the vessel to a trustee.

20. Plaintiff, as owners, owner *pro hac vice*, and operator of the M/V SEA-LAND INTREPID, specifically claim it is not liable for any and all injury, loss, destruction, and damage

caused by, or resulting from, the aforesaid incident alleged in the Complaint filed by Zahia Saleh, individually and as personal representative of the Estate of Khaled G. Munassar, deceased, and for the benefit of all distributes of Khaled G. Munassar, deceased, (Exhibit "A"), or done, occasioned, or incurred on the aforesaid voyage on which the alleged incident occurred, or for any other claim that may arise from the subject incident, and with respect to any and all claims therefor or relating thereto, Plaintiff alleges that it has have valid defenses on the facts and on the law.

21. Alternatively, Plaintiff, without admitting but denying liability, expressly claims the benefit of limitation of liability as provided for in 46 U.S.C. §§30505, 30511, and the various statutes supplemental thereto and amendatory thereof, and to that end, Plaintiff herewith has deposited with the Court, as sufficient security for the benefit of claimants, the aforesaid Stipulation for Value in the Form of a Letter of Undertaking in the sum of U.S. $9,276,720.00, plus interest, as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, and by the Rules and practices of this Court.

22. If it later appears that Plaintiff is, or may be, liable, and the amount or value of Plaintiff's interest for limitation purposes in the M/V SEA-LAND INTREPID and the pending freight are not sufficient to pay all losses in full, Plaintiff requests that claimants shall then share pro rata in the aforesaid sum, saving to claimants any rights of priority they may have as ordered by the Court as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including the Supplemental Rules for Certain Admiralty and Maritime Claims and Rule F thereof, and by the Rules and practices of this Court.

23. All and singular the premises are true, correct, and within the jurisdiction of the United States and of this Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

24. Plaintiff also submits that the filing of this proceeding, which will result in a concursus in which all claims related to the incident can be addressed in a single proceeding, will further judicial economy and conserve judicial resources by streamlining the litigation and common discovery issues related to the various claims that have been or will be asserted.

25. Plaintiff claims the benefit of the defenses to, exoneration from, and limitations on liability contained in the Limitation of Shipowners' Liability Act ("Limitation Act"), 46 USC §30505 and any other state or federal laws that may be applicable in connection with any damages or losses of whatever description arising from the aforesaid incident.

**WHEREFORE**, Plaintiff respectfully prays that:

1. This Court issue an order approving the above described Stipulation for Value in the Form of Letter of Undertaking, deposited with the Court by Plaintiff, as sufficient security for the amount or value of Plaintiff's interest for limitation purposes in the M/V SEA-LAND INTREPID and pending freight.

2. This Court approve Plaintiff's Stipulation for Costs of $250.00 as sufficient security for costs;

3. This Court issue notice pursuant to Supplemental Rule F(4) to all persons asserting claims with respect to which the Complaint seeks limitation notifying such persons to file their respective claims with the Clerk of this Court and to serve on the attorneys for Plaintiff a copy thereof on or before a date to be named in the notice, and that if any such claimants desire to contest Plaintiff's claim that

it is not liable, or its right to limitation of liability, each such claimant shall also file and serve on the attorneys for Plaintiff an Answer to the Complaint on or before the said date, unless the claim has included an Answer, so designated;

4. In accordance with 46 U.S.C. § 30511 and Supplemental Rule F(3), this Court enjoin the further prosecution of any and all actions, suits, or proceedings already commenced as well as the commencement or prosecution of any and all future actions, suits, or proceedings, of any nature or description whatsoever in any jurisdiction, against Plaintiff, the M/V SEA-LAND INTREPID; the agents, representatives, employees, or insurers of Plaintiff; and/or against any property of Plaintiff except in this action, to recover damages for or with respect to injury, loss, and damage caused by or resulting from the aforesaid casualty, or with respect to injury, loss, and damage caused, done, occasioned, or incurred on the voyage described in the Complaint;

5. This Court adjudge that Plaintiff is not liable with respect to any and all injury, loss, damage, or destruction caused by or resulting from the aforesaid alleged incident or with respect to injury, loss, and damage done, occasioned, or incurred on the said voyage, and that, in the alternative, if Plaintiff shall be adjudged liable, that such liability be limited to the amount or value of Plaintiff's interest in the M/V SEA-LAND INTREPID and pending freight as aforesaid, at the end of the said voyage, and that Plaintiff be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured to be paid, as aforesaid, be divided pro rata according to the hereinabove mentioned statutes among such claimants in accordance with the provisions of the order hereinabove prayed for,

saving to all persons any priorities to which they may be legally entitled, and that a decree may be entered, discharging Plaintiff and the M/V SEA-LAND INTREPID from all further liability;

6. Plaintiff may have such other, further, or different relief as may be just.

Dated:  New York, New York
        August 7, 2014

                          FREEHILL HOGAN & MAHAR, LLP
                          Attorneys for Plaintiff
                          *Maersk Line, Limited*

By: _____
                          John J. Walsh, Esq.
                          William J. Pallas, Esq.
                          80 Pine Street
                          New York, New York 10005
                          Telephone: (212) 425-1900
                          Facsimile: (212) 425-1901

# EXHIBIT A

**JUDGE KEENAN**

FRIEDMAN, JAMES & BUCHSBAUM LLP
Andrew V. Buchsbaum, Esq. (AB‑____)
Attorneys for Plaintiff
132 Nassau Street, Suite 900
New York, NY 10038
(212) 233-9385

14 CV 5757

RECEIVED JUL 28 2014 U.S.D.C. S.D.N.Y. CASHIER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ZAHIA SALEH, individually and as personal
representative of the Estate of KHALED G.
MUNASSAR, deceased, and for the benefit of all
distributees of KHALED G. MUNASSAR,
deceased,

                   Plaintiff,

-against-

MAERSK LINE, LIMITED

                   Defendant.
-------------------------------------------------------------x

PLAINTIFF DEMANDS
A TRIAL BY JURY

**COMPLAINT**

**SEAMAN'S CASE UNDER
THE JONES ACT FOR
PERSONAL INJURIES**

**SUIT UNDER SPECIAL RULE FOR SEAMEN TO SUE
WITHOUT SECURITY OR PREPAYMENT OF FEES
FOR THE ENFORCEMENT OF THE LAWS OF THE
UNITED STATES, COMMON AND STATUTORY FOR
THE PROTECTION OF AND FOR THE HEALTH AND
SAFETY OF SEAMEN AT SEA**

Plaintiff, ZAHIA SALEH, individually and as personal representative of the Estate of KHALED G. MUNASSAR, deceased, and for the benefit of all distributees of KHALED G. MUNASSAR, deceased, complaining of the defendant MAERSK LINE, LIMITED, by her attorneys, FRIEDMAN, JAMES & BUCHSBAUM LLP, respectfully alleges upon information and belief as follows:

**Nature of Action:**

1. This action is brought pursuant to the Jones Act, 46 U.S.C § 30104 and the general maritime law of the United States, seeking monetary damages as a result of the drowning death of merchant mariner KHALED G. MUNASSAR, a United States citizen employed by defendant as bosun aboard the United States merchant vessel M/V "Sea-Land Intrepid," on or about February 10, 2014 in the Pacific Ocean approximately 710 miles northeast of Tokyo, Japan.

**Jurisdiction and Venue:**

2. This Court has jurisdiction pursuant to the Jones Act, 46 U.S.C § 30104 and the general maritime law of the United States in that decedent KHALED G. MUNASSAR was serving as a seaman aboard a vessel in navigable waters and sustained injury eventually resulting in his death while in the course of his employment at the time of the incident giving rise to this action.

3. Venue is proper in this District pursuant to 45 U.S.C. § 56, as incorporated by the Jones Act, 46 U.S.C. § 30104, inasmuch as defendant MAERSK LINE, LIMITED does business within this District and is authorized to transact business within the State of New York.

**Parties:**

4. Plaintiff, ZAHIA SALEH, a citizen and resident of the State of Michigan, is the wife of decedent KHALED G. MUNASSAR and has been appointed personal representative of the Estate of KHALED G. MUNASSAR by the Probate Court of Wayne County, Michigan. A copy of the Letters of Authority for Personal Representative appointing

ZAHIA SALEH as personal representative of the Estate of KHALED G. MUNASSAR is annexed hereto.

5. In addition to his wife, plaintiff's decedent, KHALED G. MUNASSAR, left surviving five (5) minor children, all of whom are United States citizens, current ages 2, 9, 13, 15 and 17.

6. At all relevant times, defendant MAERSK LINE, LIMITED was and still is a corporation or other entity organized and existing pursuant to the laws of the State of Delaware authorized to transact business in the State of New York.

7. At all relevant times, defendant owned the United States merchant vessel "Sea-Land Intrepid."

8. At all relevant times, defendant operated the United States merchant vessel "Sea-Land Intrepid."

9. At all relevant times, defendant controlled the United States merchant vessel "Sea-Land Intrepid."

10. That at all times and dates hereinafter mentioned, the plaintiff's decedent KHALED G. MUNASSAR was a member of the crew of the United States merchant vessel "Sea-Land Intrepid" and an employee of defendant.

11. That on or about February 10, 2014, without any fault on the part of the plaintiff's decedent, and wholly and solely by reason of the negligence, recklessness and carelessness of defendant and its servants, agents and/or employees, and by reason of the unseaworthiness of the United States merchant vessel "Sea-Land Intrepid," plaintiff was caused to sustain serious personal injuries, fear of impending death and conscious pain and suffering

as a result of being washed overboard from the merchant vessel "Sea-Land Intrepid," eventually resulting in his death by drowning.

12. As a result of the casualty set forth above, plaintiff's decedent, KHALED G. MUNASSAR was caused to sustain excruciating conscious pain and suffering, and fear of impending death by drowning; his wife, plaintiff ZAHIA SALEH, and his minor children, current ages 2, 9, 13, 15 and 17 were caused to sustain pecuniary and other losses including, but not limited to, the loss of financial support, loss of the value of the services of the decedent, loss of the nurture and guidance of the decedent, loss of the decedent's continued accumulation of an inheritable estate, and a loss of the society and consortium of the decedent, for which the plaintiff seeks recovery of damages herein individually and for the benefit of the decedent's minor children as aforesaid.

**WHEREFORE**, plaintiff ZAHIA SALEH, individually and on behalf of all distributees of KHALED G. MUNASSAR, deceased, demands judgment against defendant MAERSK LINE, LIMITED in the amount of FIFTEEN MILLION ($15,000,000.00) DOLLARS; together with the costs, interest and disbursements of this action, and such other and further relief as this Court deems just and proper.

Dated: New York, New York
       July 28, 2014

FRIEDMAN, JAMES & BUCHSBAUM LLP
Attorneys for Plaintiff

By: _____
Andrew V. Buchsbaum (AB-6475)
132 Nassau Street, Suite 900
New York, NY 10038
(212) 233-9385
abuchsbaum@friedmanjames.com

# EXHIBIT B

310-14/JJW/WJP
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
*Maersk Line, Limited*
80 Pine Street
New York, New York 10005
Telephone: (212) 425-1900
Facsimile: (212) 425-1901
John J. Walsh Esq.
William J. Pallas, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF<br><br>MAERSK LINE, LIMITED,<br><br>AS OWNERS, OWNERS *PRO HAC VICE*, AND OPERATORS OF THE:<br><br>M/V SEA-LAND INTREPID | IN ADMIRALTY<br><br>DECLARATION OF MARY ALEXANDER-BRADLEY REGARDING PETITIONERS' INTEREST IN VALUE OF VESSEL<br><br>14 Civil |

  Mary Alexander-Bradley, under penalty of perjury pursuant to 28 U.S.C. §1746, hereby declares as follows:

  1. I am the Controller of Maersk Line, Limited, a corporation duly organized and existing under the laws of the State of Delaware, with its principle place of business in the State of Virginia. Maersk Line, Limited is the owner and operator of the M/V SEA-LAND INTREPID, built 1997, IMO No. 9143025.

  2. In my capacity as Controller it is part of my regular duties to obtain and maintain valuations for all of the vessels operated as part of the Maersk Line, Limited fleet, including the M/V SEA-LAND INTREPID.

421185.1

3. As part of carrying out my regular and customary business duties as Controller, I receive information on a quarterly basis from Maersk Brokers, Inc. reflecting the market value of each vessel in the Maersk Line, Limited fleet, including the M/V SEA-LAND INTREPID.

4. As of December 31, 2013, the market value of the M/V SEA-LAND INTREPID was $9,000,000.00.

5. As of March 31, 2014, the market value of the M/V SEA-LAND INTREPID was $8,500,000.00.

6. As the value of the vessel declined from $9,000,000.00 to $8,500,000.00 between December 31, 2013 and March 31, 2014, a fair and reasonable valuation for the M/V SEA-LAND INTREPID as of February 10, 2014 is $9,000,000.00.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 7, 2014

Mary Alexander-Bradley

421185.1

# EXHIBIT C

310-14/JJW/WJP
FREEHILL HOGAN & MAHAR, LLP
*Attorneys for Plaintiff*
*Maersk Line, Limited*
80 Pine Street
New York, New York 10005
Telephone: (212) 425-1900
Facsimile: (212) 425-1901
John J. Walsh, Esq.
William J. Pallas, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF<br><br>MAERSK LINE, LIMITED,<br><br>AS OWNERS, OWNERS *PRO HAC VICE*,<br>AND OPERATORS OF THE<br><br>M/V SEA-LAND INTREPID | **DECLARATION OF**<br>**MICHAEL A. HOPKINS**<br>**14 CIV.** |

Michael A. Hopkins, under penalty of perjury, pursuant to 28 U.S.C. § 1746(2), hereby declares as follows:

1. I am the Senior Vice President of Maersk Line, Limited, a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Virginia, which acts as operator of the M/V SEA-LAND INTREPID.

2. In my capacity as Senior Vice President, I am familiar with the operations of the M/V SEA-LAND INTREPID and the facts stated herein.

421093.1

3. On February 10, 2014, the M/V SEA-LAND INTREPID was en route from Yokohama, Japan to Long Beach, California, U.S.A when Bosun Khaled G. Munassar was washed overboard. Mr. Munassar was not recovered and is presumed to have died. Mr. Munassar's wife, Zahia Saleh, has filed a lawsuit before this Court both in her own individual capacity as well as the personal representative of the Estate of Khaled G. Munassar.

4. At the time Mr. Munassar was lost at sea on/about February 10, 2014, M/V SEA-LAND INTREPID was operating under a time charter dated November 24, 2004 between Maersk Line, Ltd., as Owner, and A.P. Moller-Maersk A/S as Time Charterer. The time charter provided for a daily hire rate of $34,590 *per diem*. The daily hire rate is the amount the Time Charterer is obligated to pay Maersk Line, Limited for the use of the M/V SEA-LAND INTREPID.

5. The M/V SEA-LAND INTREPID arrived at Long Beach on February 18, 2014.

6. The total *per diem* hire provided under the subject charter party for the period of February 10, 2014 to February 18, 2014 equals $276,720.00.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated: Norfolk, Virginia
       August 6, 2014

*[signature]*
Michael A. Hopkins