USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Sept. 2, 2014

310-14/JJW/WJP
FREEHILL HOGAN & MAHAR, LLP
*Attorneys for Plaintiff*
*Maersk Line, Limited*
80 Pine Street
New York, New York 10005
Telephone: (212) 425-1900
Facsimile: (212) 425-1901
John J. Walsh, Esq.
William J. Pallas, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF<br><br>MAERSK LINE, LIMITED,<br><br>AS OWNERS, OWNERS *PRO HAC VICE*, AND OPERATORS OF THE:<br><br>M/V SEA-LAND INTREPID | IN ADMIRALTY<br><br>14 CIV. 6260<br><br>**COURT ORDER APPROVING STIPULATION FOR VALUE OF UNDERTAKING, DIRECTING ISSUANCE OF NOTICE, RESTRAINING SUITS, AND DIRECTING THE FILING OF CLAIMS** |

  A Complaint having been filed herein on August 7, 2014, by Plaintiff for exoneration from or limitation of liability pursuant to 46 U.S.C. §§ 30505 & 30511 and Rule F of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, with respect to all claims for injury, loss, or damage arising out of the February 10, 2014 voyage of the M/V SEA-LAND INTREPID in which, allegedly, crew member Khaled G. Munassar was washed overboard from the subject vessel resulting in his death by drowning, as more fully described in the Complaint;

  **AND,** the Complaint having stated that the value, for limitation purposes, of Plaintiff's interest in the said vessels and pending freight at the end of the voyage in question does not

421116.1

exceed the amount of U.S. $9,276,720.00, as set forth in the Declarations of Mary Alexander-Bradley and Michael A. Hopkins.

**AND,** it appearing from the Complaint that suits have been or may be filed and that claims have been or will be made against Plaintiff and/or the M/V SEA-LAND INTREPID for injury, loss, or damage alleged to have occurred as a result of the subject voyage;

**AND** Plaintiff having deposited with the Court security for the benefit of claimants in the form of an Ad Interim Stipulation for Value in the Form of a Letter of Undertaking that is executed by The Standard Club Europe Ltd. by its agents Charles Taylor P&I Management (Americas), Inc., dated August 7, 2014, in the amount of $9,276,720.00 with interest at **six** percent **(6%)** per annum,

**WHEREAS,** Plaintiff has deposited with the Court a Stipulation for Costs in the amount of $250.00 as security for costs in accordance with Rule F(1) of the Supplemental Admiralty Rules, executed by The Standard Club Europe Ltd. by its agents Charles Taylor P&I Management (Americas), Inc., dated August 6, 2014

**NOW,** Plaintiff having complied with the requirements of Rule F, and upon application by Freehill, Hogan & Mahar, attorneys for the Plaintiff,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The above described Ad Interim Stipulation for Value in the Form of a Letter of Undertaking executed by The Standard Club Europe Ltd. by its agents Charles Taylor P&I Management (Americas), Inc., ("The Standard Club") and deposited by Plaintiff with the Court for the benefit of claimants, in the sum $9,276,720.00 with interest as aforesaid, be and is hereby approved with respect to all claims subject to 46 U.S.C. §30505.

2. The Court, upon motion on notice to all parties of record, may thereon order the said security increased or reduced if it finds the amount thereof insufficient or excessive or if it finds that such an order is necessary to carry out the provisions of 46 U.S.C. § 30505 and the applicable substantive law.

3. Any claimant in these proceedings may, at any time, signify by written notice, filed with the Court and served upon other parties of record, its dissatisfaction with the undertaking provided by The Standard Club. In the event of such notice, Plaintiff shall file within ten (10) business days of the receipt thereof a response to the objection and the Court, if it sustains the objection, shall order security to be posted as provided by Local Civil Rule 65.1.1 of this Court.

4. A notice shall be issued by the Clerk of this Court to all persons asserting claims with respect to which relief is sought herein notifying them to file their respective claims with the Clerk of this Court, in writing, and to serve on, or mail by certified mail to, the attorneys for the Plaintiff a copy thereof, on or before the 3rd day of November, 2014, or be defaulted, and that if any claimant desires to contest the relief herein, he shall file and serve on the attorneys for the Plaintiff an answer to the Complaint on or before the said date, unless his claim has included an answer to the complaint, so designated, or be defaulted.

5. The commencement or further prosecution of any and all claims, actions, suits, and proceedings, of any nature and description whatsoever in any jurisdiction, and the taking of any steps and the making of any motion in such actions, suits or proceedings against Plaintiff, the M/V SEA-LAND INTREPID; and/or any of their agents, representatives, employees, or insurers; and/or any other property of Plaintiff, **except in the above-captioned action**, to recover damages for or in respect to any loss, damage, or injury caused by or resulting from the

aforesaid voyage of the M/V SEAL-LAND INTREPID on February 10, 2014 in which, allegedly, crew member Khaled G. Munassar was washed overboard from the subject vessel resulting in his death by drowning, as alleged in the Complaint, are hereby restrained, stayed and enjoined until the hearing and determination of this action.

6. The aforesaid notice shall be published in **The New York Law Journal** and **New York Daily News,** once in each week for four successive weeks prior to the date fixed for the filing of claims, as provided by the aforesaid Supplemental Rule F. The first publication of said notice shall be at least forty (40) days before said return date, and Plaintiff, not later than the day of second publication, shall also mail a copy of said notice together with a copy of this Order to all persons (or their respective attorneys) known to have filed suit, or to have any claim, or to have asserted any claim for loss, damage or injury with respect to the matters herein.

7. Service of this order as a restraining order shall be made through the Post Office by certified mail or by Federal Express by mailing a conformed copy thereof to the person or persons to be restrained, or to their respective attorneys, as provided for in paragraph 6 hereof.

8. The Stipulation for Costs in the amount of $250.00 deposited by Plaintiff with the Clerk of Court is sufficient security for costs, as provided by Rule F(1).

Dated: New York, New York
August 28, 2014

John F. Keenan
United States District Judge

421116.1                                        4